**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

KYLE J. PITKIN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C08-4049-PAZ

**ORDER ON MOTION FOR ATTORNEY'S FEES**

_____

This matter is before the court on motion of the plaintiff's counsel for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 22) The plaintiff previously was awarded attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,138.90. On February 2, 2010, the defendant issued a Notice of Award, awarding the plaintiff $30,272.20 in past-due benefits. The sum of $9,568.00, representing twenty-five percent of the award, was withheld for attorneys' fees based on the plaintiff's contingency agreement with her counsel. Her attorneys now seek an award of 406(b) fees in that amount. The defendant does not object to the fee request as unreasonable.

Section 406(b) provides that an attorney who represents a successful Social Security benefits claimant in court may be awarded a "reasonable fee for such representation, not in excess of 25 percent of the . . . [claimant's] past-due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Supreme Court defined "the appropriate starting point for judicial determinations of 'a reasonable fee[.]'" *Id.*, 535 U.S. at 792, 122 S. Ct. at 1820. The Court held that the 25% cap on contingent fees in section 406(b) represented Congress's intent "to protect claimants against 'inordinately large fees' and also to ensure that

attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Id.*, 535 U.S. at 805, 122 S. Ct. at 1827 (citation omitted). The Court concluded:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.*, 535 U.S. at 807, 122 S. Ct. at 1828.

In making the reasonableness determination, the reviewing court should look at factors such as the number of hours the attorney spent on the case, the attorney's normal hourly billing rate for non-contingent-fee cases, and the amount of the claimant's recovery. *Id.*, 535 U.S. at 808, 122 S. Ct. at 1828-29.

In the present case, the exhibits submitted by the plaintiff's attorneys indicate that a total of 37.72 hours were expended representing the plaintiff in this case. An award of $9,568.00 would represent an hourly rate of $253.66. The court finds this amount is not unreasonable based on the time spent in the case and the result achieved.

Accordingly, the motion is **granted**. The plaintiff's attorneys are awarded the sum of **$9,568.00** in attorney's fees. Counsel are directed to refund to the plaintiff the EAJA fee previously awarded in the amount of $6,138.90.

**IT IS SO ORDERED.**

**DATED** this 1st day of June, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT